Manjit **KAUR**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–73502.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM **

Manjit Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Kaur's testimony and declarations contained implausibilities and inconsistencies. Kaur claimed she feared returning to India because she identified police officers involved in a killing, but Kaur did not witness the killing or have sufficient information to identify the officers, and gave inconsistent information regarding the number of officers she identified. Because these discrepancies went to the heart of the asylum claim, substantial evidence supports the denial of asylum. *See id.* at 1043. Accordingly, it follows that Kaur did not satisfy the more stringent standard for withholding of removal. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

PETITION FOR REVIEW DENIED.